THOMAS M. CROWLEY, Respondent, v. WINFIELD GOSSETT, Appellant.

### Kansas City Court of Appeals, July 2, 1888.

Case Adjudged: CONTROVERSY OVER COSTS. The controversy in this case is over costs made after a compromise agreement which was understood differently by the parties to it. The suit which had been stayed by consent, proceeded to judgment, which was to the substantial effect of the compromise agreement. The court considers that the instructions in the case present the issues to the jury in a plain and satisfactory manner; and that there was no substantial error in admitting or rejecting testimony; and that the judgment, which was for the plaintiff, should not be interfered with.

*Appeal from Audrain Circuit Court.*—HON. CYRUS A. ANTHONY, Judge.

AFFIRMED.

The case is stated in the opinion.

*David Rea, Jule Sanders, T. H. Ensor* and *W. W. Ramsey*, for the appellant.

(1) The court erred in refusing to permit defendant Gossett to testify what instructions he gave his brother William Gossett about paying the two hundred and twenty dollars into the bank. (2) The court erred in refusing to permit the witness George T. Bennett to testify what directions and instructions William Crowley, agent of plaintiff, gave to him at the time the receipt was left with him, and to give evidence of the agreement between said William Crowley and defendant Gossett, as they expressed it to him at the time they left the receipt in his hands. What an agent says, when acting for his principal, within the scope of his real or ostensible authority, with reference to a given matter touching his agency, is always admissible in evidence as a part of the *res gestae*. *Meager v. Railroad*, 14 Mo. App. 499; *Scoville v. Glasner*, 79 Mo. *loc. cit.* 455; 1 Greenl. Ev. (14 Ed.), secs. 113, 114; *Peck v. Ritchey*, 66 Mo. *loc. cit.* 118; *Robinson v. Walton*, 58 Mo. 380. This evidence was material and important. The issue hinged upon the fact whether the defendant Gossett complied with the terms and conditions of the compromise and settlement made with William Crowley, agent of plaintiff; such agreement made in the presence of and partly consisting of directions given to George T. Bennett. In view of this, the declarations of William Crowley, made *dum fervet opus*, are a part of the *res gestae*, and ought to have been admitted. *Bevis v. Railroad*, 26 Mo. App. *loc. cit.* 22. (3) The court erred in not permitting the witness Bennett to tell what directions he gave the bank when he left the receipt, and in not permitting the banker, F. I. Dunn, to testify what directions Bennett gave him when he (Bennett) left the receipt in bank, and to further testify what William Gossett said at the time he paid the two hundred and twenty dollars into bank and lifted the receipt, as agent

for defendant Gossett, and to explain if he could, why the two hundred and twenty dollars was placed in bank to the credit of Samuel Crowley instead of to Thomas Crowley. That any jury might be in doubt concerning this payment, when every witness who could throw light upon it was Quakered through in such humpty-dumpty style, is no wonder. (4) The court erred in permitting the witness John Phillippi to testify to what defendant Gossett said to him, while parties were trying to effect a compromise or settlement concerning the amount of damages or when he would pay balance, etc. The policy of the law favors such amicable settlement, and forbids that either party should take advantage of statements thus made. 2 Wharton's Ev. (2 Ed.) sec. 1000, and cases cited ; 1 Greenl. Ev. (12 Ed.) sec. 192 ; *Ferry v. Taylor*, 33 Mo. 323, 333 ; *Railroad v. Farrell*, 76 Mo. 183. (5) The court erred in permitting plaintiff to introduce one witness and rest, and then, after defendant had introduced his evidence and closed, to call John Phillippi, Samuel Crowley, William Crowley, John W. Crank, the plaintiff Crowley, and to give evidence in chief and open up anew his case, and to cover the ground touched by his first witness. While we admit the order in which evidence shall be introduced is in the discretion of the trial court, yet we submit this record shows a flagrant abuse of discretion. *Davis v. Railroad*, 13 Mo. App. 449. This was not a case where, through inadvertence, a witness was omitted, on opening, as in *Tierny v. Spiva*, 76 Mo. 279. Such evidence should not have been admitted under the semblance of rebuttal. *Christal v. Craig*, 80 Mo. 375. (6) The court erred in the giving, refusing and modifying of instructions appearing in the record. The plaintiff must recover upon the pleadings and the cause sued upon. *Currier v. Lowe*, 32 Mo. 203 ; *Camp, Adm'r, v. Heelan*, 43 Mo. 591 ; *Hassett v. Rust*, 64 Mo. 325 ; *Bank v. Armstrong*, 62 Mo. 70 ; *Glass v. Gelvin*, 80 Mo. 297. Plaintiff could not repudiate the contract of settlement, avoid its obligations, and yet claim that defendant should

be bound by the measure of damages agreed upon in said compromise. *Truman v. Stephens*, 83 Mo. 218. (7) .The court erred in refusing to sustain defendant's motion for a new trial, as well as for the reasons hereinbefore stated as for and on account of the newly discovered evidence of George L. Wilfley, the banker to William Crowley first talked about the matter, and to whom William Gossett paid the two hundred and twenty dollars. This application, we think, complies with the requirements of the law, as declared by the Supreme Court. Wilfley's evidence would not be a cumulation, merely, in that he would testify that William Crowley saw him at his bank and made arrangements to leave receipt if he failed to see Gossett; that William Gossett paid the two hundred and twenty dollars into his bank and took up the receipt in pursuance with the instructions of Bennett, who left it there; that he (Wilfley) was led to make the deposit to Samuel Crowley's credit instead of to Thomas Crowley, by his talk with William Crowley, plaintiff's agent, and in no wise induced thereto by defendant or his agent. This evidence, so pointed and direct, we think, would probably produce a different result.

*P. Mercer* and *Booher & Williams*, for the respondent.

(1) There is no force in appellant's first point. Defendant's instructions to his brother William concerning the payment of the two hundred and twenty dollars into the bank were entirely irrelevant and immaterial, and besides appellant was permitted to testify fully on that point. (2) Appellant's second point is not well taken. The witness Bennett was permitted to testify fully as to what was said and done by appellant and young Crowley at the time the receipt was left with him. (3) The third point made by defendant is wholly without merit. The conversations of the various parties mentioned, about putting receipt and money in the Bolckow bank, were not competent evidence, and as the

learned counsel for appellant have failed to cite a single authority in support of it, we conclude they are simply trying to "Quaker" it through. (4) Appellant's fourth point is not well taken. The evidence of the witness John Phillippi was in rebuttal of the evidence given by the appellant upon the question of settlement. (5) The order in which evidence shall be introduced is in the discretion of the trial court, and the appellate courts have uniformly declined to interfere where no substantial injury has been done. *Tierney v. Spiva*, 76 Mo. 279; *Siebert v. Allen*, 61 Mo. 482; *Dozier v. Jerman*, 30 Mo. 216; *Harvey v. Brooke*, 36 Mo. 49; *Johnston v. Mason*, 27 Mo. 511. The citation of the above authorities disposes of appellant's fifth point, even if the evidence was introduced out of order, which we do not admit. It was clearly in rebuttal of the case made by the defendant. (6) If error was committed by the court in changing plaintiff's instructions one and three, it was error in favor of the defendant and he cannot complain. *Breckenridge v. Ins. Co.*, 87 Mo. 62. The court did not change the issues by the giving of instructions. The instructions were given upon the theory of the case as it was tried by both parties. A case cannot be tried on one theory below and an entirely different one in the appellate court. *Duff v. Railroad*, 19 Mo. App. 380–391; *Walker v. Owens*, 79 Mo. 563; *Whetstone v. Shaw*, 70 Mo. 575. The fact that plaintiff was permitted to recover less than three hundred dollars is not an error as against appellant. *Alderman v. Cox*, 74 Mo. 78. (7) Appellant's motion for a new trial, on the ground of newly-discovered evidence was properly overruled. The evidence of the witness was incompetent and irrelevant to any issue made in the case on the trial, and could have had no tendency toward changing the result of the suit. "Motions for new trial on the ground of newly-discovered evidence are regarded with a jealous eye, and construed with remarkable strictness by the courts. They should be tolerated, not encouraged; viewed with aversion rather than favor; granted

as exceptions, and refused as a rule." *Cook v. Railroad*, 56 Mo. 380; *Shaw v. Resch*, 58 Mo. 107; *Stephens v. City*, 83 Mo. 345; *Maxwell v. Railroad*, 85 Mo. 95; *State v. Rockett*, 87 Mo. 666.

PER CURIAM.—Plaintiff leased a farm to defendant and brought this action under the landlord and tenant act, by attachment, to recover three hundred dollars, the sum agreed upon as rent. A lot of corn, gathered and ungathered, was levied upon. The corn was sold by order of the court on the twenty-seventh of March, 1886; and on April 12, 1886, plaintiff by an additional writ of attachment caused one Samuel Crowley to be summoned as garnishee.

The following is the defendant's answer: "Comes now the defendant, and for answer to plaintiff's petition herein, denies each and every allegation in plaintiff's petition contained, and for further and fuller answer to plaintiff's petition, defendant states that on the fourth day of March, A. D. 1886, defendant paid plaintiff the sum of two hundred and twenty dollars in full satisfaction of all demands and claims of plaintiff against defendant, and that plaintiff then and there accepted said sum of two hundred and twenty dollars in full satisfaction of the claim and demand, in plaintiff's petition alleged. And, having fully answered, defendant asks to be discharged with his costs and charges in this behalf expended."

To this answer plaintiff filed a reply, denying the allegations in the answer.

Upon the issue thus joined—that is to say, whether plaintiff and defendant had, by compromise and settlement, agreed upon the amount due from defendant to plaintiff, and whether defendant had paid the amount thus agreed upon—the parties proceeded to trial.

It seems that defendant claimed damages from plaintiff by reason of defective fences which plaintiff was to repair, and that after this action was instituted there was an understanding had, whereby plaintiff allowed eighty dollars as covering the damage claimed,

leaving a balance of two hundred and twenty dollars due plaintiff. This is not disputed. Plaintiff claims that this sum was to be paid within a couple of days after the settlement, and with this view his son and agent by agreement of parties left his receipt, dated March 4, in full of all demands, with one Bennett who was to place it in the bank at Bolckow, where it was to be delivered to defendant, if he paid in to plaintiff's credit the amount agreed upon, within the time stipulated.

Defendant contends that he did not agree to pay in the time named by plaintiff, but was to pay at any time from the date of the delivery of the receipt, up to the tenth of April, when, as he claims, the rent would have been due. He paid the amount in bank about the last of March, but plaintiff has never drawn it. It not being paid in, according to plaintiff's understanding, he proceeded with prosecution of his case and made additional costs.

Plaintiff recovered judgment for two hundred and twenty dollars, and defendant appeals.

It thus appears that this controversy is really over costs made in the case after the compromise agreement.

The instructions taken together, as given for plaintiff and defendant, present the issue to the jury in a plain and satisfactory manner, and unless substantial error was committed in admitting or rejecting testimony, the judgment should not be interfered with. The first point is not deemed good. We do not regard it as material, as the case turned, as to what may have been the instructions which plaintiff gave his brother in regard to paying the money in bank.

We consider that witness Bennett did testify as to the directions and instructions from William Crowley, and he seems to have told all he knew as to the agreement; this disposes of the second point.

The third objection is not well taken, as it was not proper that Bennett should give evidence as to what he told the bank. We cannot see how it would assist in

determining the cause.    The same will apply to witness Dunn.

We see no objection to the evidence of Phillippi. The order in which evidence should be introduced is a matter within the discretion of the trial court.

The affidavit of newly-discovered evidence related solely to the mistake in depositing the money in the name of Samuel, instead of Thomas Crowley. This mistake was not urged against defendant and did not militate against him at the trial. Besides the court directed the jury not to regard it.

We have examined the other suggestions made by defendant, but can see no sufficient reason for reversing the judgment and it is therefore affirmed.